# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EVERETT E. FRAZEE, | : | |
| Plaintiff, | : | |
| | : | Case No. 3:14cv00385 |
| vs. | : | District Judge Thomas M. Rose |
| | : | Chief Magistrate Judge Sharon L. Ovington |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Everett E. Frazee brings this social security case pro se.  On November 6, 2014, he was granted leave to proceed in forma pauperis.  By April 20, 2015, Plaintiff had not provided the Clerk of Court with all the forms needed to effect service upon Defendant.  Consequently, the Court ordered Plaintiff to submit to the Clerk of Court, on or before May 5, 2015, all the forms required to effect service of summons on Defendant.  (Doc. #7).  The Court notified Plaintiff that he could obtain assistance from the Clerk of Court concerning the forms he needed to complete to effect service on Defendant, and he was placed on notice that if he did not properly effect service on Defendant as Rule 4(i) of the Federal Rules of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Civil Procedure requires, his Complaint will be subject to dismissal. (Doc. #7). As of today, Plaintiff has not effected service upon Defendant or otherwise responded to the Show Cause Order.

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effect service of summons and complaint "within 120 days after the filing of the complaint...." If timely service is not effected, Rule 4(m) requires the Court – "upon motion or on its own initiative after notice to the plaintiff..." – to dismiss the action without prejudice as to any defendant not timely served. In addition, District Courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Plaintiff has not effected timely service on Defendant even though he was given prior notice that his failure to effect timely service may warrant dismissal of his Complaint under Rule 4(m). Other than notifying the Court of his change of address, he has not taken any significant action in this case since filing his Complaint in November 2006. The record is therefore void of an explanation for Plaintiff's failure to effect timely service of summons and his Complaint. Under these circumstances, Rule 4(m) mandates dismissal of Plaintiff's Complaint without prejudice. Dismissal of his Complaint without prejudice is also warranted for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 630-31.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint be dismissed without prejudice; and

2. The case be terminated on the docket of this Court.

May 7, 2015

                                                      <u>s/Sharon L. Ovington</u>
                                                          Sharon L. Ovington
                                         Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).